**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| APRIL McNEAL | ) CASE NO: 5:08-cv-556 |
| | ) |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) MAGISTRATE JUDGE GREG WHITE |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) **REPORT & RECOMMENDATION** |

Plaintiff April McNeal ("Plaintiff"), *pro se*, challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying McNeal's claim for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq*.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.

Plaintiff's Brief on the Merits was due July 3, 2008 – thirty days after the filing of the Answer and Transcript.  On July 30, 2008, Plaintiff was ordered to show cause in writing why

her case should not be dismissed for want of prosecution. (Doc. No. 12.) On August 13, 2008, Plaintiff filed a letter with the Court requesting that this case be remanded. (Doc. No. 13.) Plaintiff's letter fails to state any reason for her failure to file a Brief on the Merits nor does it indicate that she has any intention of filing such a brief. *Id*.

Instead, Plaintiff's letter refers to a contract under which she allegedly was due $8,000 dollars that she believes influenced the denial of her benefits. To the extent Plaintiff is claiming that the Administrative Law Judge ("ALJ") erroneously found that she had engaged in substantial gainful activity, her argument is contrary to the record. In his findings of fact and conclusions of law, the ALJ expressly found that Plaintiff met the insured status requirements of the Act and that she had not engaged in substantial gainful activity since her alleged onset date. (Tr. 17.) Rather, the ALJ denied an award of benefits because Plaintiff's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and Plaintiff remained capable of performing a full range of light work. (Tr. 18.) The remainder of Plaintiff's letter describes her dire financial situation. Plaintiff's letter, however, provides no legal basis for this Court to remand her matter to the Social Security Administration for further proceedings.

Therefore, the undersigned recommends that the instant matter be DISMISSED for want of prosecution.

                s/ Greg White
                U.S. Magistrate Judge

Date: September 11, 2008

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**